**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANH TUYET THAI; et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security; et al.,<br><br>    Defendants-Appellees. | No.    18-55304<br><br>D.C. No.<br>3:15-cv-00583-WQH-NLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 6, 2020
Pasadena, California

Before:  BOGGS,[**] IKUTA, and CHRISTEN, Circuit Judges.

Anh Tuyet Thai, Don Doan, and Tommy Nguyen appeal the district court's

dismissal of their claims against the Commissioner of the Social Security

Administration (SSA), in his official capacity, and Mary Hagar, Duke (Duc) Tran,

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

William Villasenor, and Dulce Sanchez in their individual capacities.[1]  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in dismissing Thai's claims for declaratory and injunctive relief as moot.  Thai's complaint alleges that the SSA's investigation of Thai's attorney resulted in the SSA conducting intimidating searches and interrogations of Thai; she seeks prospective equitable relief to prohibit such actions in the future.  Because the district court's findings that the SSA closed its investigation of Thai's attorney in 2015, does not intend to reopen any such investigation, and does not intend to engage in the challenged conduct in the future, were not clearly erroneous, there is no conduct to enjoin.  *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 715 (9th Cir. 2011).

Even assuming that a claim for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is available in this context, *see Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the district court did not err in dismissing claims against Mary Hagar and Duke (Duc) Tran, two SSA supervisors.  A *Bivens* claim may be brought only against an "individual official

---

[1] We grant plaintiffs-appellants Motion to Substitute Appellant Lanh Nguyen for Appellant Trai Minh Chau (Dkt. 59).  The claims of Hoi Cuu Quan Nhan Viet Nam Cong Hoa and Lanh Nguyen are waived, because they did not "specifically and distinctly" raise any arguments for us to review. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

for his or her own acts," *id.* at 1860, and the operative complaint does not plausibly allege that Hagar or Tran engaged in any conduct that violated Thai's constitutional rights. Although the complaint contains conclusory allegations, mere "labels and conclusions" without "further factual enhancement" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The district court erred in dismissing Thai's claims against William Villasenor and Dulce Sanchez, two Los Angeles District Attorney investigators assigned to work with federal agents in the Los Angeles Cooperative Disability Investigations Unit, alleging that they violated her constitutional rights. Accepting the allegations in the operative complaint as true and construing them in the light most favorable to Thai, the complaint plausibly alleged that Villasenor and Sanchez violated Thai's Fourth Amendment rights by entering her home without her consent in 2013 or early 2014. *See United States v. Albrektsen*, 151 F.3d 951, 955 (9th Cir. 1998); *United States v. Shaibu*, 920 F.2d 1423, 1425–28 (9th Cir. 1990). Because it was clearly established at the time of the incident that, absent a warrant or exigent circumstances, a law enforcement officer could not enter a person's home without consent, these claims against Villasenor and Sanchez cannot be dismissed at this stage of the proceedings on qualified-immunity

3

grounds. *See Albrektsen*, 151 F.3d at 955; *Shaibu*, 920 F.2d at 1425–28.

Moreover, given the complaint's allegations that Villasenor and Sanchez were state

law-enforcement officials armed with visible police badges and weapons, who

announced their official authority when questioning Thai, it is plausible that

Villasenor and Sanchez were acting under color of state law. *See Filarsky v. Delia*,

566 U.S. 377, 383 (2012) (holding that "[a]nyone whose conduct is fairly

attributable to the state can be sued as a state actor under § 1983") (quotation

omitted).

For the same reason, the district court erred in dismissing Doan's and

Nguyen's claims that state law-enforcement agents violated their Fourth

Amendment rights. Accepting the allegations in the operative complaint as true

and construing them in the light most favorable to Doan and Nguyen, the

complaint plausibly alleged that "[s]tate and/or local law enforcement agents of the

SSA's CDI unit carrying guns and police badges" entered their homes without

their consent sometime in 2014. *See Albrektsen*, 151 F.3d at 955; *Shaibu*, 920 F.2d

at 1425–28.[2] The district court did not err in dismissing the remainder of Doan's

---

[2] Although we reverse the district court's dismissal of Thai's, Doan's and Nguyen's § 1983 claims alleging Fourth Amendment violations, we do not consider whether their claims would survive a motion for summary judgment. *See Trevino v. Gates*, 23 F.3d 1480, 1483 n.3 (9th Cir. 1994).

and Nguyen's claims, which were based on the underlying allegation that they had "been the subject of a campaign of intimidation by agents and employees" of the SSA after filing affidavits in a prior class action. Because neither Doan nor Nguyen participated in that class action, their allegations fail to state a claim for relief. *Iqbal*, 556 U.S. at 678.

**AFFIRMED IN PART; REVERSED IN PART.**[3]

---

[3] Each party shall bear its own costs on appeal.